IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**URSULA STATEN, as Administratrix of
the Estate of Ray Charles Staten, Sr., ET AL.**                **PLAINTIFFS**

v.                                                       CAUSE NO. 1:13CV212 LG-JMR

**CITY OF D'IBERVILLE, ET AL.**                               **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR SUMMARY JUDGMENT
### PREMISED ON IMMUNITY

BEFORE THE COURT is the Motion for Summary Judgment [42] filed by the individual defendants in this case: Joey Bosarge, Brenda Broussard, Stephen Furney, Teddy Harder, Wayne Payne, and Rusty Quave, in their individual capacities (the "City Defendants"). The defendants contend they are entitled to qualified immunity from plaintiff's claims in this action brought pursuant to 42 U.S.C. § 1983 and state law. Additionally, Wayne Payne seeks summary judgment in regard to Plaintiffs' § 1985 claim against him. The issues have been fully briefed. After due consideration of the parties' submissions and the relevant law, it is the Court's opinion that the City Defendants' Motion should be granted.

BACKGROUND

Ray Charles Staten, Sr., was arrested by D'Iberville Police Department officer Griffin on April 29, 2011. Griffin was responding to a report of a disturbance at Staten's residence. Griffin checked for warrants, and found that Staten had an

active warrant from 2009.[1] Staten was placed in custody and detained at the Harrison County Detention Center. He was brought before D'Iberville Municipal Judge Albert Fountain and found guilty of failure to pay fines of $409. His sentence was "to serve 16 days." (Def. Ex. B at 9, ECF No. 42-2).

On May 8, 2011, while in custody, Staten was seen by an employee of Health Assurance, LLC, for complaints of diarrhea and stomach pain. Health Assurance had a contract with defendant Harrison County, Mississippi, to provide medical services to inmates and pre-trial detainees at the jail. After his initial visit, Staten did not improve. When his condition worsened, and he was eventually rushed to Garden Park Medical Clinic, where he was pronounced dead.

Defendants Teddy Harder, Stephen Furney, Brenda Broussard, and Joey Borsage are current and former council members for the City of D'Iberville. Rusty Quave is the Mayor of the City of D'Iberville. Wayne Payne is the Chief of Police for the City of D'Iberville. The Plaintiffs allege that these defendants are liable for violations of the Fourth Amendment pursuant to 42 U.S.C. § 1983 and that they were part of a civil conspiracy pursuant to 42 U.S.C. § 1985. Plaintiffs also allege a Fourteenth Amendment claim against the City Defendants for imprisoning Staten without determining whether he was indigent.

## DISCUSSION

As a preliminary matter, Plaintiffs request that they be allowed more time to

---

[1] The warrant was "for fail to pay, original charge trespassing." (Def. Ex. B at 4, ECF No. 42-2).

conduct immunity-related discovery before being required to respond to the City Defendants' summary judgment motion. However, upon review of the Plaintiffs' response, it is apparent that what they seek is discovery related to policies or customs of the governmental entities that are defendants in this lawsuit. For example, Plaintiffs state that they "need discovery on these matters to show the defendants maintained a policy/practice that violated [Staten's] due process and equal protection rights." (Pl. Resp. 8, ECF No. 48). They also argue that the Court "should allow Plaintiffs to conduct discovery to identify the policymaker for the City of D'Iberville." (Pl. Resp. 10).

At issue in this motion are the individual capacity claims against the City Defendants, in which the Plaintiffs "seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The policy and custom questions on which Plaintiffs seek discovery are not relevant to the individual capacity claims now at issue. The Court finds a continuance for additional discovery to be unwarranted.

### A. Qualified Immunity/Legal Standard

Qualified immunity protects government officials from liability for civil damages to the extent that their conduct is objectively reasonable in light of clearly established law. *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 422 (5th Cir. 2013) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether an official is entitled to qualified immunity, the court asks (1) whether the plaintiff has alleged a violation of a clearly established constitutional or statutory right, and (2)

whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident. *Charles v. Grief*, 522 F.3d 508, 511 (5th Cir. 2008). "A right is clearly established only if its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). "When there is no controlling authority specifically prohibiting a defendant's conduct, the law is not clearly established for the purposes of defeating qualified immunity." *Id*. at 503. Once a defendant invokes qualified immunity, the plaintiff has the burden to demonstrate the inapplicability of the defense. *Crostley*, 717 F.3d at 422 (quoting *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)).

In this summary judgment motion, the defendants, in their individual capacities, assert that they are entitled to the defense of qualified immunity. The Court analyzes the motion under the well-established summary judgment standard. Fed. R. Civ. P. 56(c); *see generally*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 576, 586B87 (1986); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 464 (5th Cir. 1999). The Fifth Circuit has provided instructions for evaluating qualified immunity at the summary judgment stage:

> The qualified immunity defense is appropriate at the summary judgment stage when (1) a plaintiff has established that the defendant has engaged in the complained-of conduct, or (2) the court "skip[s] for the moment, over . . . still-contested matters to consider an issue that would moot their effect if proved." [*Baker v. Norman*, 651 F.2d 1107, 1124 (5th Cir. Unit A 1981)]. "If resolution of [qualified immunity] in

> the summary judgment proceedings turns on what the defendant actually did, rather than on whether the defendant is immunized from liability . . ., and if there are conflicting versions of his conduct, one of which would establish and the other defeat liability, then the case is inappropriate for summary judgment." [*Id*. at 1123-24].  Although summary judgment may be appropriate based on a plaintiff's inability to prove the facts essential to recovery, this "has nothing to do with the qualified immunity defense." *Id*.

*Haverda v. Hays Cnty.*, 723 F.3d 586, 599 (5th Cir. 2013).

### B. Fourth Amendment Claim

The Plaintiffs allege that Staten's seizure and detention was unreasonable and therefore in violation of the Fourth Amendment.  Specifically, the seizure and detention by the City Defendants was "made pursuant to policies, practices and customs of jailing individuals who are too poor to immediately pay their outstanding fines without giving them the option of community service or alternate payment arrangements and incarcerating individuals beyond the time specified in the court order." (Compl. 10 (¶41), ECF No. 1).

The Court first notes that with the exception of Officer Griffin, none of the City Defendants are alleged to have taken any actions related to Staten's arrest and incarceration.  Their involvement is limited to their respective roles in formulating and generally enforcing the policy of the City of D'Iberville.  In other words, there is no personal involvement in or knowledge of Staten's situation alleged on the part of the Chief of Police, the Mayor or the council members of the City of D'Iberville.  "[A] government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).  The Plaintiffs seem to argue that the

act of formulating an unconstitutional policy suffices to impose individual liability on the policymaker(s). In the Court's view, that is an issue that goes to the liability of the municipality rather than personal liability of the individuals. The Court's research has not uncovered an instance where a policymaker has been subjected to personal liability for the act of making a policy. It is not at all clear that formulating a policy determined to be unconstitutional is, in itself, an unlawful act. *See Pearson v. Callahan*, 555 U.S. 223, 245 (2009) (unless unlawfulness of conduct is clearly established, officials are entitled to qualified immunity). Therefore, the Chief of Police, Mayor and council members of the City of D'Iberville are entitled to summary judgment in regard to the § 1983 claims, in their individual capacities. The Plaintiffs have not alleged or demonstrated that these persons took some action to violate Staten's constitutional rights. *Hampton v. Oktibbeha Cnty. Sheriff Dept.*, 480 F.3d 358, 365 (5th Cir. 2007) (plaintiff must allege that official himself actually violated plaintiff's constitutional rights to overcome official's qualified immunity).

In regard to Officer Griffin, the Fourth Amendment requires police officers to have probable cause before performing a custodial arrest. *Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir. 1992). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010) (quoting *United States v. McCowan*, 469 F.3d 386, 390 (5th Cir. 2006)). "Even law enforcement officials who reasonably but mistakenly conclude that

probable cause is present are entitled to [qualified] immunity." *Haggerty v. Texas S. Univ.*, 391 F.3d 653, 656 (5th Cir. 2004) (citation omitted). To overcome Officer Griffin's qualified immunity in regard to the Fourth Amendment claim, the Plaintiffs must present competent summary judgment evidence sufficient to support the conclusion that probable cause to arrest Staten was lacking. *See Allen v. Jackson Cnty., Miss.*, No. 1:12cv57-HSO-RHW, 2014 WL 940270 at *10 (S. D. Miss. Mar. 11, 2014).

Staten was arrested based on an outstanding arrest warrant that had been issued by Municipal Judge Albert Fountain. The "Capias"[2] was entered on December 3, 2009, and reads in pertinent part:

> You are therefore commanded forthwith to take the body of said Ray Charles Staten and safely keep in jail until the next regular session of the Municipal Court of the City of D'Iberville, at which time Ray Charles Staten will be given a SHOW CAUSE HEARING FOR CONTEMPT OF COURT, unless said defendant pays a CASH FINE plus $100.00 CONTEMPT COSTS for a total of $409.00, or be otherwise discharged by due course of law.

(Def. Mot. Ex. B 6, ECF No. 42-2). An outstanding arrest warrant suffices to establish probable cause for that person's arrest. *See Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 280 (5th Cir. 1992). Plaintiffs advance no reason why Officer

---

[2] Plaintiffs argue that the Municipal Court should have issued an arrest warrant rather than a document entitled "Capias," because under Mississippi statute, a "Capias" should issue after an indictment, and there was no indictment in Staten's case. Miss. Code § 99-9-1. Regardless of its title, the document was clearly a command to arrest Staten and bring him before the court. The distinction drawn by plaintiffs does not affect the constitutional rights at issue here, and so the Court will not address it further.

Griffin should have believed that the warrant was insufficient to establish probable cause for Staten's arrest. The Fourth Amendment is not violated by an arrest based on probable cause. *Blackwell v. Barton*, 34 F.3d 298, 303 (5th Cir. 1994). Accordingly, the plaintiff cannot show a constitutional violation committed by any City of D'Iberville defendant, terminating the qualified immunity analysis. The City Defendants are entitled to qualified immunity in regard to plaintiff's Fourth Amendment claim.

Plaintiffs also claim that the City Defendants can be liable under the Fourth Amendment because Staten allegedly remained at the Harrison County Adult Detention Center longer than required by the Municipal Court Order. The City Defendants argue that this claim should be analyzed under the Fourteenth, rather than the Fourth Amendment, because Staten's arrest had been completed by that time and he was in custody of Harrison County. The Fifth Circuit has stated that the due process clause is implicated in cases of continued incarceration beyond the term of a court-ordered sentence. *Terry v. Hubert*, 609 F.3d 757, 763 (5th Cir. 2010) (citing *Brooks v. George Cnty., Miss.* 84 F.3d 157, 166 (5th Cir. 1996)).

### B. Fourteenth Amendment Claim

The Court must consider two Fourteenth Amendment claims against the City Defendants. The first is the one above, wherein the Plaintiffs allege that Staten remained incarcerated beyond his sentence. The second is an allegation that "[t]he defendants, their agents, servants and employees, knowingly incarcerated Staten for nonpayment of fines without determining whether he was indigent and had a

good faith effort to discharge the outstanding debt and without offering alternatives to incarceration. . . ."[3] (Compl. 12 (¶47)).

It is undisputed that Staten's sixteen day sentence was imposed on May 5, 2011. The Plaintiffs provide a document that appears to be a printout from the HCADC. (Pl. Ex. 5, ECF No. 47-5). The printout states that Staten was sentenced to "16 days rec 2-1 rel 5-13-11," which shows that Judge Fountain ordered that Staten was to receive two days credit for each day served, and he was to be released on May 13. (*Id.*).

However, on May 10, Sargent Swann of the City of D'Iberville Police Department filled out a release form for Staten with the comment: "Release timed [sic] served per Judge Fountain." (Def. Mot. Ex. B 7-8, ECF No. 42-2). According to Swann's handwritten note stapled to the form, the release was "due to Staten having a medical emergency and being transported to the hospital." (*Id.* at 7). A second notation by Swann stated "this person was pronounced deceased tonight." (*Id.*).

---

[3] The parties dispute whether Plaintiffs brought a Fourteenth Amendment claim against the City Defendants. Plaintiffs specify that the Fourteenth Amendment allegations are made against the Harrison County defendants, (*see* Compl. 11-12 (¶¶43-48), and it is possible that the sentence set out above is merely a continuation of the allegations against the specific Harrison County defendants named. However, Plaintiffs allege in the "Facts" portion of their Complaint that the "City of D'Iberville and Harrison County maintain a consistent practice of jailing individuals who are too poor to immediately pay their outstanding fines, without giving them the option of community service or alternate payment arrangements." (Compl. 4 (¶13)). The entirety of the Complaint adequately states a Fourteenth Amendment claim against the City Defendants.

Although Plaintiffs allege that Judge Fountain intended to give Staten credit for time served and therefore imposed the eight day sentence to begin on the day of Staten's arrest, they make no argument in support of this allegation, nor do they show evidence in the record that Staten's sentence was improperly computed. The sentencing document signed by Judge Fountain is blank where the Judge could have noted credit for time served. (Def. Ex. B 9, ECF No. 42-2). More importantly, Plaintiffs do not show that any of the City Defendants were involved with the imposition, computation, or termination of Staten's incarceration.

The Plaintiffs next argue it was a violation of the Fourteenth Amendment for the City Defendants to fail to determine whether Staten was indigent before sentencing him to time in custody. A defendant cannot be sentenced to time in jail for failing to pay a fine, when the defendant does not have the means to pay. *Pederson v. City of Haltom City*, 108 F. App'x 845, 848 (5th Cir. 2004) (citing *Tate v. Short*, 401 U.S. 395, 399 (1971)). But the Plaintiffs do not allege, argue, or provide evidence that any of the City Defendants were involved in Staten's criminal proceedings after his arrest was completed. Plaintiffs therefore cannot point to any action taken by any of the City Defendants that violated Staten's constitutional rights. In sum, the Plaintiffs have shown no basis for imposing personal liability on any of the City Defendants for any constitutional violations that might have occurred.

### C. Section 1985 Conspiracy

Plaintiffs allege that the City of D'Iberville, Police Chief Payne, and Sheriff

Brisolara conspired to establish procedures to incarcerate indigent individuals for unpaid fines, in violation of 42 U.S.C. § 1985.  Plaintiffs do not specify which subsection of § 1985 they rely upon, but the Court notes that only subsections two and three are relevant to plaintiff's allegations.  Payne argues that Plaintiffs cannot show that he is liable to them under either subsection two or three.

To state a claim under § 1985(3), Plaintiffs must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.  *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994).  The Plaintiffs must show that the conspiracy was motivated by a class-based animus.  *Id*.  The Fifth Circuit has explained that a group must be targeted because of some protected common attribute.  *Hagan v. Houston Indep. Sch. Dist.*, 51 F.3d 48, 53 (5th Cir. 1995).  This common attribute must consist of an inherited or immutable characteristic such as gender, race, religion, or national origin.  *Galloway v. State of La.*, 817 F.2d 1154, 1159 (5th Cir. 1987); *see also Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687 (5th Cir. 2010) (refusing to recognize whistleblowers as a class); *Torres v. Cnty. of Webb*, 150 F. App'x 286, 291 (5th Cir. Sept. 27, 2005) (holding that persons who oppose abortion do not constitute a class under Section 1985).

There is an identical class-based animus requirement for a § 1985(2) claim.

As the Fifth Circuit has explained, § 1985(2) has two parts. *Daigle v. Gulf State Util.'s Co., Local Union No. 2286*, 794 F.2d 974, 979 (5th Cir. 1986). The first part proscribes conspiracies that interfere with the administration of justice in federal court, and the second part proscribes conspiracies that interfere with the administration of justice in state court. *Id.* (citing *Kush v. Rutledge*, 460 U.S. 719, 725 (1983)). As there was no federal court proceeding underlying Plaintiffs' claims, only the second part of § 1985(2) is at issue in this case. The Fifth Circuit has determined that the class-based animus requirement of § 1985(3) also applies to claims under the second part of § 1985(2). *Id.* (citing *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340, 346 (*en banc*), cert. denied, 454 U.S. 1110 (1981)).

The Plaintiffs have not asserted any facts or produced any evidence of class-based animus in this case. Nor have they responded to Payne's argument that they cannot show such evidence. The Court is unconvinced that "indigent individuals" should be recognized as a class under Section 1985 based on Fifth Circuit precedent. Furthermore, as explained previously, the Plaintiffs cannot demonstrate that Staten's constitutional rights were violated by Payne. As a result, Wayne Payne is entitled to summary judgment as to the Plaintiffs' Section 1985 claims.

**D. State Law Claims**

The City Defendants contend that to the extent the Plaintiffs have alleged State law tort claims against them, those claims are barred by the Mississippi Tort

Claims Act, Miss. Code Ann. § 11-46-1, *et seq*. Plaintiffs' Response does not address this argument. Having reviewed the allegations, the Court is of the opinion that Plaintiffs' Complaint does not plead any State law tort claims against the City Defendants, and therefore this issue is moot and need not be addressed further.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [42] filed by defendants Joey Bosarge, Brenda Broussard, Stephen Furney, Teddy Harder, Wayne Payne, and Rusty Quave, is **GRANTED**. Plaintiffs' Section 1983 and State law claims against these defendants, in their individual capacities, and the Section 1985 claim against Wayne Payne, in his individual capacity, are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 28th day of August, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE